IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )   1:14-MJ-163-1<br>) |
| MICHAEL TODD COLLINS | )<br>) |

**MEMORANDUM OPINION AND ORDER**

This case came before the Court on September 12, 2014, on a motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f) and a preliminary examination hearing pursuant to Fed. R. Crim. P. 5.1. At the end of the hearing, the undersigned United States Magistrate Judge orally found that probable cause supports charges against Defendant and ordered Defendant's detention pending disposition of this case because clear and convincing evidence established that no condition or combination of available conditions of release would reasonably assure the safety of other persons and the community, and assure Defendant's appearance at trial or other proceedings in this matter. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

I.  **BACKGROUND**

On September 4, 2014, the Court (per the undersigned United States Magistrate Judge) issued a Criminal Complaint charging Defendant with one count of possession of firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), one count of maintaining a drug involved premises, in violation of 21 U.S.C. § 856(a)(1), and one count of carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C.

§ 924(c)(1)(C) (*see* Docket Entry 1 at 1) based on a sworn affidavit by a law enforcement officer (*see id.* 1 at 2-14.) At his initial appearance on September 5, 2014, the Court advised Defendant of the matters required under Federal Rule of Criminal Procedure 5(d)(1), including his right to a hearing on the issue of release or detention and to a preliminary hearing to contest the issue of probable cause, as well as the setting of those proceedings for September 12, 2014. (*See* Docket Entry 6.)[1] Defendant was appointed counsel at the hearing, but he later retained private counsel. (*See* Docket Entries 5, 7, and 9.)

In advance of the hearing, a United States Probation Officer assigned to the Pretrial Services Unit prepared a report regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that report before the hearing. At the hearing, Defendant conceded the accuracy of the Pretrial Services report.

At the hearing, Defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The United States called (and, through his counsel, Defendant cross-examined) Special Agent Thomas Brereton, with the Federal Bureau of Investigation ("FBI"), who investigated this matter and reviewed reports related to the case.

## II.     PROBABLE CAUSE DETERMINATION

---

[1] A defendant charged via a criminal complaint has a right to a preliminary hearing, *see* Fed. R. Crim. P. 5.1(a), and to a hearing prior to entry of an order declining to enter an order of release on conditions. *See* 18 U.S.C. § 3142(e)-(g).

At the hearing, Agent Brereton testified at length about the investigation leading to Defendant's arrest. According to Agent Brereton, on August 10, 2014, he received information from Kelly Recotta, Defendant's former girlfriend and mother of his 13-year old son, regarding Defendant's possession of firearms. Agent Brereton testified that Ms. Recotta stated she had recently visited her son at Defendant's home. Ms. Recotta informed Agent Brereton that Defendant had a marijuana grow operation at his residence, that he was in possession of multiple firearms, and that she was afraid of Defendant. Agent Brereton testified that he knew Ms. Recotta to be a truthful and reliable source because she had previously provided information to him involving a 2002 armored car robbery in Rowan County, which ultimately resulted in Defendant's arrest and conviction.

After receiving the information from Ms. Recotta, Agent Brereton contacted the Rowan County Sheriff's Department, and a search warrant was executed on August 13, 2014 by the state authorities at Defendant's residence at 475 Collins Road, China Grove, North Carolina. During this search, 20 firearms were recovered from Defendant's residence. Rowan County detectives also found 33.8 grams of marijuana during the search of the residence. In a subsequent search warrant executed by the federal authorities on September 5, 2014, agents discovered an additional six weapons in a safe inside Defendant's residence. Agent Brereton also testified that a neighbor of Defendant told investigators that she had observed Defendant walking around his property with firearms, that Defendant often fired weapons on the property, and in fact that Defendant taught her how to shoot a gun and had given her a shotgun.

Agent Brereton further testified that another witness, who was a known associate of Defendant's, was questioned. This witness was with Defendant on June 22, 2014 when he was arrested on state charges for felony possession and intent to distribute marijuana. Agent Brereton testified that the witness told investigators that he knew Defendant to carry weapons on his person and that he had personally observed Defendant carrying a concealed weapon at a bar. The witness described at least one weapon which was consistent with a firearm which was seized from Defendant's residence in the search conducted by state officers on August 13, 2014. The witness also described a hidden compartment inside the closet at Defendant's residence. According to Agent Brereton, this witness also related a discussion he had with Defendant regarding the marijuana grow operation and the witness also stated that he had personally observed Defendant tend to the marijuana grow operation on his property.

During the search pursuant to the federal search warrant on September 5, 2014, in addition to the weapons seized, agents found what were described as grow lights and a scale, consistent with a marijuana grow operation, in the outdoor shed on the property where Defendant resided. Agent Brereton described these lights as hanging fixtures with a dome type reflector, two of which were dismantled, the other one intact and lying on the ground.

Agent Brereton also testified that when he questioned Defendant, he admitted that he carried weapons and that he had weapons in his bedroom, and further admitted that he taught his neighbor to shoot and gave her a gun. Additionally, Defendant reported to the agents that there were more firearms in a safe in the residence. These weapons were recovered by the federal officers in the search conducted on September 5, 2014.

Probable cause has been defined as "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. 10.10 Acres Located on Squires Rd. in Cheeks Twp., Orange County, N.C.*, 386 F. Supp. 2d 613, 617 (M.D.N.C. 2005) (*citing United States v. $95,945.18*, 913 F.2d 1106, 1110 (4th Cir. 1990)). The record here supports a finding of probable cause as to the charges in the Criminal Complaint. The testimony of Agent Brereton, together with his affidavit, suggests a reasonable ground for belief that Defendant committed the crimes which are charged. Multiple witnesses informed law enforcement that they had seen Defendant carrying weapons and knew that there were many weapons in his residence. Indeed, a significant number of firearms were recovered during the two searches of Defendant's home; many of the weapons were out in the open in the home, suggesting Defendant had access to them. Defendant himself informed law enforcement about the weapons in the safe inside the home. Additionally, there were some items recovered which suggested a grow operation on the property, and at least three separate witnesses had told officers that Defendant was engaged in growing marijuana on the property. As for the charge of carrying a firearm in relation to drug trafficking, there was evidence provided to law enforcement from witnesses that Defendant carried a firearm while walking on his property and when he walked from his home out to the shed at the back of the property. While the evidence on this charge appears to be weaker than the other two charges, it still suggest more than "mere suspicion" as to Defendant's guilt. Accordingly, this Court finds probable cause exists as to the three charges which were the subject of the Criminal Complaint against Defendant.

## III. MOTION FOR DETENTION

In considering the question of release or detention pending trial, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

(3) the history and characteristics of the [defendant] . . .; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g). Additionally, the Court must determine if there are any conditions which might reasonably be imposed to ensure Defendant's appearance at trial and other proceedings in this district.

Moreover, when a court "finds probable cause to believe that the defendant committed a drug offense for which a maximum penalty of ten years imprisonment or more is prescribed, the court must presume, subject to rebuttal by the defendant, that no combination of conditions upon the defendant's release would reasonably assure the safety of the community and the appearance of the defendant as required." *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996). Defendant here has a prior federal conviction for a crime of violence, which means he faces a mandatory 25-year sentence, thus triggering the presumption as to the 18 U.S.C. § 924(c) charge.

In the present case, with respect to the nature of the offense charged against Defendant, the offenses charged are serious in nature and indicative of danger to the safety of others and the community. At the time of his detention hearing, Defendant was the

subject of a criminal complaint charging him with possession of a firearm by a felon, maintaining a premise for drugs, and carrying a firearm in relation to a drug trafficking crime. The seriousness of these charges is further evidenced by the fact that if convicted Defendant faces a possible term of imprisonment of at least 25 years.

Likewise, the weight of the evidence against Defendant is strong; Agent Brereton testified that Defendant admitted he carried weapons and that he had weapons in his room at his mother's home. Additionally, as recounted above, Agent Brereton testified during the preliminary hearing that at least three other witnesses stated in interviews that they personally observed Defendant carrying and, on some occasions, discharging weapons on his property. Ms. Recotta also told Agent Brereton that Defendant had begun a marijuana grow operation in a shed on his mother's property, where he resided.

With regard to Defendant's history and characteristics, Defendant is a 44-year old man who has lived in Rowan County his whole life, except for a year when he lived in Colorado. He resides with his mother and his 13-year old son. Defendant has a significant criminal history, most notably convictions for felony interference with commerce by robbery and felony carrying and use of a firearm during and in relation to a crime of violence, relating to the armed robbery of an armored vehicle in 2002. Defendant served seven years in prison for those crimes; he was released to supervised release in 2009 and was unconditionally discharged from supervised release in 2012. (PTS Report at 5.)

Defendant's history of violent crimes is particularly relevant to the risk that he may pose a danger to others. Additionally, the recovery of over 25 firearms, some of which were out in the open in his home, together with the testimony regarding the alleged marijuana

grow operation and Defendant's propensity to carry guns on his person, suggests unique dangers to others and the community and presents strong rationale for detention.

Finally, the Court notes that Defendant offered Stephen Robar as a proposed third party custodian should Defendant be released pending trial. Mr. Robar is a business partner of Defendant's and he has known Defendant for a relatively short period of time. However, it is clear from his testimony that Mr. Robar is involved in the facts of this case and potentially could be called as a witness. Additionally, the Court is not convinced that, under the circumstances, Mr. Robar could properly report Defendant for any violations of conditions of release. As such, this Court cannot conclude that it would be a reasonable alternative to detention for Defendant to reside with Mr. Robar.

In sum, the Court finds that all of the statutorily-mandated factors weigh in favor of detention. The record establishes by clear and convincing evidence that no condition or combination of conditions (including Defendant's proposed placement on home incarceration with Stephen Robar as third-party custodian) would reasonably assure the safety of others and the community.

## IV. CONCLUSION

For these reasons, after conducting a hearing and evaluating the entire record in this case, the Court **FINDS** that probable cause supports the charges in the Criminal Complaint and **FINDS** by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community if Defendant is released prior to trial.

**IT IS THEREFORE ORDERED** that probable cause exists to support the charge

in the Criminal Complaint, the Motion for Detention by the United States is **GRANTED**, and Defendant shall be detained pending disposition of the charge pursuant to 18 U.S.C. § 3142(e)(1). Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

_____
Joe L. Webster
United States Magistrate Judge

September 18, 2014